FILED
2005 Feb-07  PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| BRADLEY DEWAYNE MCKANSTRY, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] CV-04-CO-00337-W |
| | ] |
| WAL-MART STORES, INC., | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION AND ORDER

I.    Introduction.

The Court has for consideration defendant Wal-Mart Stores East, L.P.'s ("Wal-Mart") motion for summary judgment, which was filed on November 19, 2004. (Doc. 31.)  The plaintiff, Bradley DeWayne McKanstry, has filed suit against Wal-Mart for assault and battery, false imprisonment, kidnapping, and civil rights violations under 42 U.S.C. § 1983 ("Section 1983").  (Doc. 1.)  The issues raised in Defendant's motion have been briefed by both parties and are now ripe for decision.  Upon full consideration, Defendant's motion is due to be granted with respect to Plaintiff's kidnapping claim, but denied on all other counts.

II.    Background.

Plaintiff Bradley McKanstry was detained at the Skyland Boulevard Wal-Mart Store in Tuscaloosa, Alabama, on December 12, 2003, by Doug Hayes, a Wal-Mart "loss prevention associate."   The details surrounding Mr. McKanstry's apprehension and detention are in dispute.   However, both parties agree that the Tuscaloosa Police were contacted, Officer Dallas Gant arrived at the scene, and Mr. McKanstry was charged with stealing four DVD movies.  (Doc. 30 at 1—3.)  Mr. McKanstry then filed suit against Wal-Mart in this Court on February 20, 2004.

III.    Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322−23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party.  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.   Analysis.

   A.   Assault and Battery, False Imprisonment, and Section 1983.

The parties in this case agree to very few facts.  (Doc. 30.)  Defendant says that Mr. McKanstry was observed leaving the electronics department at the Skyland Wal-Mart with four DVDs.  According to Wal-Mart, Mr. McKanstry proceeded to strip the security sensors from the DVDs in the men's restroom stall and exited the store with the merchandise.   Doug Hayes then confronted Plaintiff outside the store, where he asked Mr. McKanstry to return inside.   Defendant maintains that Plaintiff willingly followed Mr. Hayes back into the store, produced the four DVDs, never denied taking the discs, and the Tuscaloosa Police Department was called.  (Doc. 32 at 7–11.)

Plaintiff tells a completely different story.  According to Mr. McKanstry, he never picked up any DVDs while in the Wal-Mart.  After leaving the store, he says that Mr. Hayes grabbed him from behind, accused him of selling drugs, and told him not to speak or move.  Mr. McKanstry then followed Mr. Hayes back into the store, where he was handcuffed and released only when he signed a statement saying that he would not come back on Wal-Mart property. (Doc. 36 at 15–24.)

Both parties have produced evidence in support of their version of the events that occurred at the Skyland Wal-Mart on December 12, 2003. Defendant has not established that there are no genuine issues of material fact before this Court.  Therefore, summary judgment is due to be denied with regard to Plaintiff's claims of assault and battery, false imprisonment, and civil rights violations under Section 1983.

B.    Kidnapping.

Plaintiff cannot, however, produce any evidence to support a civil action for kidnapping.  Mr. McKanstry argues that Alabama law provides for civil recovery for kidnapping, despite the fact that no Alabama court has recognized such an action.  In support of his position, Plaintiff cites Alabama Code § 6-5-370, which reads: "For any injury, either to person or property, amounting to a felony, a civil action may be commenced by the party injured without prosecution of the offender."

Yet, as Defendant points out, the Alabama Supreme Court has explained that "Section 6-5-370 does not create a cause of action." *Lewis v. Fraunfelder*, 796 So. 2d 1067, 1070 (Ala. 2000).  Rather, it merely "abbrogates the common-law rule of 'suspension,'" which said that a person

could not maintain a civil action for injuries amounting to a felony without first seeking criminal prosecution.  *Id*.  Therefore, Defendant is entitled to summary judgment on Plaintiff's kidnapping claim.

V.     Conclusion.

For the reasons stated above, Defendant's motion for summary judgment is GRANTED with respect to Plaintiff's kidnapping claim, but DENIED on all other counts.

Done this __7th__ day of February 2005.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
